# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11232
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 17, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS ELOY GARCIA-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-32-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Carlos Eloy Garcia-Garcia appeals the 71-month within-guidelines sentence imposed for his conviction of illegal reentry in violation of 8 U.S.C. § 1326. He argues that the crime of illegal reentry is complete—and therefore applying the 2016 Guidelines in his case was an ex post facto violation—when immigration authorities have constructive knowledge of an alien's illegal presence. In the district court, Garcia-Garcia admitted that he was deported

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and removed from the United States on or about July 27, 2010, and was found in Fort Worth, Texas, on or about March 8, 2017; he also claimed that he reentered the United States on an unknown date in 2010. The Government moves for summary affirmance and, alternatively, for an extension of time to file its brief.

In *Peugh v. United States*, 569 U.S. 530, 533 (2013), the Supreme Court held that the Ex Post Facto Clause is violated where "a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense." For ex post facto purposes, the relevant offense is Garcia-Garcia's illegal reentry. "A § 1326 offense begins at the time the defendant illegally re-enters the country and does not become complete unless or until the defendant is found by [immigration authorities] in the United States." *United States v. Compian-Torres*, 712 F.3d 203, 207 (5th Cir. 2013) (internal quotation marks and citation omitted); *see also United States v. Santana-Castellano*, 74 F.3d 593, 597-98 (5th Cir. 1996). For an alien to be "found in" the United States for purposes of § 1326, "(1) immigration authorities must have specifically discovered and noted the alien's presence, and (2) knowledge of the illegality of the alien's presence must be reasonably attributable to immigration authorities." *Compian-Torres*, 712 F.3d at 207.

Garcia-Garcia does not argue on appeal that the facts of his case do not fall within the holding of *Compian-Torres*. Rather, he acknowledges that his argument is foreclosed under *Compian-Torres*, and he raises his argument to preserve the matter for further review. In light of the foregoing, the judgment of the district court is AFFIRMED. The Government's motion for summary affirmance is GRANTED, and its alternative motion for an extension of time is DENIED as unnecessary.